Honorable Mary M. Lisi
Chief Judge
United States District Court
Providence, RI 02903

21 March 2008

RE: Richards v. Viola+ Sons, Inc.
2008-28 MC

Your Honor,

I write on Mr. Richards' behalf as directed by the Court's note of 13 March 2008. Mr. Richards was very seriously injured while working for Viola and Sons Fishing LLC, a foreign corporation, as the one deckhand, on its 80-foot scalloper. I respectfully suggest that given Mr. Richards' serious injuries generating some twenty thousand dollars ($20,000) in medicals to date and the representations of Defense Counsel that there is no liability insurance available, early intervention by the Court and the setting of this case on an even faster track than usual, is indicated.

Although this scalloper usually carries a crew of four, on this 6 January 2008 trip only Mr. Richards and the Captain Gordon Viola were aboard. In the process of hauling back the scallop dredge with Captain Viola, controlling it from the winch, it allided with Mr. Richards, knocking him overboard where he was jammed between the dredge and vessel with the dredge banging him against the vessel as it rolled in the trough. As Plaintiff's counsel understands it at this point, the dredge weighs many tons. Mr. Richards eventually was able to crawl back on board.

When he returned to shore, he went to the Emergency Room at South County Hospital and was, in short order, referred to South County Orthopedics. He was operated on by Randall M. Risinger, M.D. on 23 January 2008 for a torn rotator cuff of his right shoulder and a crush injury including a distal radial fracture of his left hand. Office notes of Doctor Risinger suggest cure will not be reached for twelve months. In most likelihood, we are talking a career ending injury.

Mr. Richards's plea to Gordon Viola for maintenance and cure fell on deaf ears and he, in fact, told Mr. Richards he wouldn't pay anything, and only that prompted the extremely early filing of this suit. Although bills totaling some twenty thousand dollars in medicals have been submitted to Defense Counsel, along with all reports and notes of South County Orthopedics, they remain unpaid. The same may be said of

the maintenance component. Plaintiff has previously provided food receipts, but it is only by copy of this letter that Defense Counsel is advised that prior to his injury he was paying $1000 monthly rent to his mother and going forward promises to pay her that amount. Mr. Richards has paid a small portion of these medical bills, but his physical therapy has been discontinued until he can pay up and he is suffering mightily as a result. Mr. Richards is without the financial ability to further maintain himself or pay his medical bills. I anticipate filing a motion for an immediate bench trial on the maintenance and cure claims if these claims are not resolved by the conclusion of our appearance before you on the 28th.

Defendant has filed extensive and onerous boiler plate discovery even before the Rule 16 conference. In response, Plaintiff is today noticing the deposition of Gordon Viola for 14 April 2008 and contemplates generating minimal other discovery except as to the assets of the corporation and its principals.

Discussions have been started as to the nuclear options in each party's hands—arrest of the vessel and its permits by Plaintiff and bankruptcy by Defendant. A prompt settlement would appear to be in both parties' best interest and Plaintiff would ask the Court to refer to the case to Magistrate Judge Lovegreen for a prompt mediation to the extent the Court deems it warranted.

Respectfully Yours,

/s/ Merlyn P. O'Keefe_

Merlyn O'Keefe. Esquire
238 Robinson Street
Wakefield, RI 02879
(401) 789-4850 Phone
(401) 789-1757 Fax
Ct. Reg. #2439
Silveroar@gmail.com

CC: Anthony Richard